IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DARRELL WILLIAMS,                    :

    Plaintiff,                   :

vs.                                  :   CIVIL ACTION 08-00433-KD-B

BENJAMIN TAYLOR, *et al.*,           :

    Defendants.                  :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court on Plaintiff's Application for Temporary Restraining Order or in the Alternative Motion for Preliminary Injunction (Doc. 3). For the reasons stated below, it is recommended that Plaintiff's motion be denied.

In his complaint, Plaintiff names as defendants several officers of the Fairhope, Alabama, Police Department, including the Chief of Police, and asserts that these defendants conspired, during the time of his arrest on August 12, 2007, to deny Plaintiff his rights under the Eighth and Fourteenth Amendments, to use excessive force, and to deny Plaintiff due process, among other allegations. (Doc. 5). Plaintiff also names as defendants the mayor of the City of Fairhope and employees of Thomas Hospital, whom he

alleges conspired with defendant police officers to illegally obtain evidence from Plaintiff and deny him his right to refuse medical treatment. (Id.)

In his Application for Temporary Restraining Order or in the Alternative Motion for Preliminary Injunction (Doc. 3), Plaintiff indicates that his family members still live in the area and seeks an Order "prohibiting Defendants[,] their agents and/or affiliates from enjoining through direct or indirect acts or omission of harrasment, threats, or any other forms of intimidation to discourage petitioner, family members, witnesses, or I witnesses family members from exercising said civil rights herein this proceedings thereof. Plaintiff request said Court to freeze said assets of defendant, in order for Plaintiff to be able to collect on potential money judgement." [sic][1] (Doc. 3, p. 4).

In order to prevail on a request for a temporary restraining order, Plaintiff must show: (1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the

---

[1]Plaintiff also seeks a hearing on his motion and requests that defendants be subpoenaed to appear at said hearing and to produce documents related to Plaintiff's arrest and copies of his medical records. (Doc. 3, p. 2). Upon consideration, Plaintiff's request for a hearing is denied in light of the instant report and recommendation. To the extent Plaintiff requests the production of documents related to allegations in his Complaint, such requests are denied as premature. The Court has not yet completed the screening of Plaintiff's Complaint; thus, none of the Defendants have been served. In view of such, Plaintiff's requests are inappropriate at this time.

threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, will not disserve the public interest. Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985); Siebert v. Allen, 506 F.3d 1047, 1049 (11th Cir. 2007) (citing Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005)).  A temporary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly carries the burden of persuasion as to the four requisites. Zardui-Quintana, 768 F.2d at 1216; McDonald's Corp. V. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1988).  It is mandatory that all four factors are satisfied, United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983), and the same factors are considered whether deciding a temporary restraining order or a preliminary injunction, Schiavo, 403 F.3d at 1225.

Moreover, injunctive relief will not issue unless the complained of conduct is imminent, and no other relief or compensation is available. Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987). Further, a temporary restraining order or a preliminary injunction is a drastic remedy used primarily for maintaining the *status quo* of the parties. University of Texas v. Camenisch, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834, 68 L.Ed.2d 175 (1981); All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989); Fernandez-Roque v. Smith, 671

F.2d 426, 429 (11th Cir. 1982).

In the present motion, Plaintiff has failed to show that there is a substantial likelihood that he will ultimately prevail on the merits of this action. Furthermore, Plaintiff has not established that he will suffer irreparable injury unless the injunction issues. In fact, in his motion, Plaintiff has failed to set forth any facts which suggest that he will suffer any harm, let alone irreparable harm, or that he is in imminent danger. While Plaintiff purports to seek injunctive relief to prevent harassment by officers of the Fairhope Police Department due to his filing of the present lawsuit, Plaintiff does not even allege that either he or his family members have previously been harassed or intimidated, nor does he provide any basis for his belief that harassment may occur in the future. Courts have declined to issue injunctive relief when an inmate complains that prospective action may be taken against him in retaliation for filing a lawsuit and offers no evidence to show a real, immediate, and irreparable harm. Adams v. Wainwright, 512 F. Supp. 948, 954 (N.D. Fla. 1981) (finding injunctive relief was inappropriate because inmate had no evidence of retaliation against him, during his lawsuit, for the filing of his lawsuit); Trobaugh v. Hawk, 2000 U.S. App. LEXIS 14564, at *2 (8th Cir. June 26, 2000) (affirming denial of preliminary injunctive relief because inmate failed to show a real and immediate threat of transfer in retaliation for filing his action) (unpublished), cert. denied, 531

4

U.S. 936 (2000).

Because Plaintiff has failed to establish his burden of persuasion as to all four prerequisites needed to show that a temporary restraining order should be issued, it is recommend that his motion be **DENIED**.

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this **21ˢᵗ** day of **January, 2009**.

                    /s/ SONJA F. BIVINS
            **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate

6

judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.