IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DARRELL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 08-0433-KD-N |
| | ) | |
| BENJAMIN TAYLOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's Motion to Amend Complaint to Add Party (doc. 24) and Motion for Discovery and Demand for Jury Trial (doc. 25), both filed May 19, 2010. The Motion to Amend the Complaint and the Jury Demand portion of the second motion[1] have been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636.

*Motion to Amend Complaint to Add Party*

The court previously entered an order (doc. 22) and judgment (doc. 23) adopting the recommendation of the undersigned and dismissing defendant, Phillip Kousa, with prejudice from the §1983 action, on the grounds that defendant was not a state actor and plaintiff had failed to demonstrate or allege facts establishing personal knowledge or personal involvement by defendant Kousa, in his role as Director of Thomas Hospital, of the actions at issue, thereby precluding a valid claim of conspiracy with a state actor in the decision to comply with a police request to ask plaintiff about, or search plaintiff for, signs of drug use. *See* (doc. 21)

---

[1] The undersigned will enter a separate order addressing the portion of plaintiff's motion (doc. 25) that relates to discovery.

1

The dismissal of defendant Kousa with prejudice, precludes an attempt by plaintiff to bring the same claims against him. However, even if the court were to deem plaintiff's motion to include a request for reconsideration of the court's prior order, plaintiff's proposed amended claims continue to suffer from the same lack of personal knowledge or involvement sufficient to impose liability on a non-government actor on a theory of conspiracy with state actors. *See* doc. 21 at 8-9). Accordingly, it is recommended that the motion be denied.

*Motion for Discovery and Demand for Jury Trial*

Plaintiff also makes a request for a jury trial. (Doc. 25) The addition of a jury demand is, in effect, a Motion to Amend the Complaint to add such a demand. Plaintiff has made one prior amendment (Doc. 19) to the Complaint. However, as the complaint has not yet been served upon defendants, the addition of the jury demand will cause no prejudice.

## CONCLUSION

Based on the foregoing, it is hereby RECOMMENDED that plaintiff's Motion to Amend (doc. 24) be DENIED and that the Motion to Amend to add Jury Demand (doc. 25) be GRANTED.

*See* Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.

DONE this the 21st day of May, 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten **[now fourteen]** days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added) A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                            /s/ Katherine P. Nelson
                                            **KATHERINE P. NELSON**
                                            **UNITED STATES MAGISTRATE JUDGE**