IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DARRELL WILLIAMS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 08-0433-KD-N |
| BENJAMIN TAYLOR, *et al.*, | ) ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

This matter is before the court on the plaintiff's "Motion for Leave to File Motion By Plain84iff to Add Defendants" (doc. 84), which seeks reconsideration of the court's order of June 15, 2010 (doc. 28) and also seeks to add a second defendant; and plaintiff's "Motion to Amend and to Add Defendants" (doc. 106). These matters have been referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 72.2(c)(4).

Procedural Background

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983, complaining about the manner in which hospital employees obtained blood and urine samples from him against his will, for use by law enforcement personnel in criminal proceedings against him. He also alleges that certain of the law enforcement defendants used excessive force in his arrest. The court previously dismissed plaintiff's claims against defendant Kousa on the grounds, in sum, that Mr. Kousa did not act under color of state law as required by §1983[1], and that plaintiff had not

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress… .."

adequately alleged any facts which would render him potentially liable under that statute. (Doc. 22)[2] The undersigned entered a Report and Recommendation that the claim against Kousa be dismissed without prejudice (doc. 21) and the district judge adopted that finding and dismissed the claims against Kousa without prejudice. (Docs. 22, 23)

Plaintiff thereafter sought to amend to add Phillip Kousa (doc 24). The undersigned entered a Report and Recommendation (doc. 26) denying the motion, and the court adopted it thereafter (doc. 27). In the later Report and Recommendation, the undersigned erroneously stated that the earlier dismissal had been entered <u>with</u> prejudice; however, the undersigned alternatively noted that plaintiff had again failed to offer allegations which would potentially bring defendant Kousa within the ambit of § 1983.

Plaintiff's motions (docs. 84, 106) also seek to add Mobile Infirmary Health Care Systems, d/b/a Thomas Hospital, as a defendant. However, that entity was added in the plaintiff's first Amended Complaint (doc. 19) and plaintiff's motions, to the extent they seek to add this business entity as a defendant, are MOOT. However, it does not appear that the action has been served upon this defendant; the court's order (doc. 22) dismissing defendant Kousa also listed the other defendants against whom service would issue, but appears to have left out Mobile Infirmary Health Care Systems, d/b/a Thomas Hospital.

Plaintiff does not provide a draft of an amended complaint in support of the Motion for Leave to File. However, the motion includes an attachment—entitled Motion by Plaintiff to Add Defendants—which summarizes some allegations against these defendants. Plaintiff states that Kousa, individually and in his official capacity, "acted under color of state law…in concert with

---

[2] Defendant Kousa was sued for actions taken as the Director of Thomas Hospital. Plaintiff alleged that

defendants police[] officers and the City of Fairhope, thereby allowed subordinate staff members … to perform illegal test [sic] under pretense of Plaintiff's health." Doc. 84-1 at 1. He alleges further that Kousa was aware of a practice of hospital staff to give treatment despite a patient's refusal, that he failed to stop that practice, and that he authorized defendants Banks and Olds to assist law enforcement in unconstitutional searches and seizures. There is no indication in this document that plaintiff is aware of any specific facts or evidence in support of his claims that there was a policy or practice, that Mr. Kousa knew of the practice, or that Mr. Kousa authorized any of the actions about which plaintiff complains.

In a similar vein, plaintiff's Motion to Join Additional Defendants (doc. 106) seeks to add Phillip Kousa, and Mobile Infirmary Health Care Systems d/b/a Thomas Hospital, as well as Lloyd Gardener, Director of Medicine, as defendants. Unlike his prior motion (doc.   ), however, plaintiff has attached a draft amended complaint which allows the court to consider his allegations in detail. As plaintiff has filed two motions seeking overlapping relief, and as the latter motion is more complete, the undersigned recommends that the court find his earlier motion (doc.   ) to be redundant and strike it on that basis. The undersigned herein addresses the plaintiff's request to add Phillip Kousa, along with Lloyd Gardener who was the Director of Medicine for the hospital, in the context of the latter motion.[3]

## Discussion

Federal Rule of Civil Procedure 15(a) provides that, after a responsive pleading has been served, a party may amend its complaint only by leave of court. Fed.R.Civ.P. 15(a). The rule also

---

Kousa failed to properly train or oversee staff members.
  [3] The issues addressed are presented solely on the plaintiff's motion; the putative defendants have not appeared, and have not had an opportunity to raise or argue any deficiencies in the plaintiff's proposed amended complaint. Any defendants added by amendment may nonetheless challenge the amendment, particularly its

provides that "leave shall be freely given when justice so requires." *Id.* The Supreme Court said that the "freely given" standard means:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

This case has been pending since July 24. 2008. However, the "passage of time, without anything more, is an insufficient reason to deny leave to amend." Floyd v. Eastern Airlines, Inc., 872 F.2d 1462, 1490 (11th Cir. 1989) (citation omitted), *rev'd on other grounds,* 499 U.S. 530 (1991).

The statute of limitations for a § 1983 action is borrowed from a state's general or residual statute of limitations for personal injury actions, Wallace v. Kato, 549 U.S. 384, 387 (2007); Owens v. Okure, 488 U.S. 235, 239 (1989), because § 1983 does not contain a statute of limitations. Id., at 249-50 (1989). Alabama's two-year statute of limitations for personal injuries is the statute of limitations used for § 1983 actions filed in Alabama. Lufkin v. McCallum, 956 F.2d 1104, 1105, 1108 n. 2 (11th Cir.), *cert. denied*, 506 U.S. 917 (1992); Ala.Code § 6-2-38(l).

Plaintiff complains about an incident which allegedly took place on August 12, 2007. The limitations period would thus be expected to have run on August 12, 2009. Plaintiff's Motion for Leave to File Motion to Add Defendants (doc. 84) was filed on January 3, 2011, and

---

timeliness, in motions thereafter.

his Motion to Amend Complaint to Add Defendants (doc. 106) was filed on February 8, 2011.[4]

Phillip Kousa

With regard to defendant Kousa, plaintiff named this defendant in his original complaint (doc. 1)[5], filed on July 24, 2008,[6] approximately a year into the limitations period. The court adopted the undersigned's Report and Recommendation and dismissed, without prejudice, the claims against Phillip Kousa on May 19, 2010. Doc. 22. That same day, plaintiff moved to amend to add defendant Kousa as a defendant. On June 15, 2010, the court denied that motion on the erroneous grounds that the prior order had dismissed the claim against defendant Kousa *with* prejudice. Doc. 28. Defendant appears to have presented his Motion for Leave to File Motion to Amend to prison authorities for mailing on December 29, 2010. Not counting the time during which plaintiff had claims or motions to add claims pending against defendant Kousa, approximately one and a half years have passed. It does not appear that the statute of limitations would render the motion to amend futile.[7] The court is aware of no other matter which would preclude the amendment of plaintiff's complaint to add Phillip Kousa as a defendant.

Lloyd Gardener

Plaintiff's proposed amended complaint, however, against Lloyd Gardener, Director of Medicine at Thomas Hospital, would be futile. Plaintiff's first attempt to add Mr. Gardener as a

---

[4] The motions are dated December 29, 2010, and February 4, 2011, respectively.
[5] Plaintiff also filed an amended complaint (doc. 19), which does not affect the limitations calculation.
[6] The court recognizes that plaintiff mailed the complaint some few days before that date, and will give plaintiff the benefit of the doubt in the event that it would make a difference in the limitations calculation. *See* Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) ("Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.").
[7] Nor does it appear likely that the addition of defendant Kousa will significantly delay the progress of this case. Mr. Kousa has the benefit of the Special Reports filed by the other defendants and should be able to

defendant was the filing of his Motion to Amend Complaint to Add Defendants (doc. 106) was filed on February 8, 2011. The alleged violations occurred on August 12, 2007, significantly more than two years prior to plaintiff's attempt to name this defendant. The court is aware of no occurrence or event which would extend the limitations period as to this defendant. Accordingly, plaintiff's Motion to Amend is due to be denied as to the claims against this defendant.

## Conclusion

For the foregoing reasons, it is hereby RECOMMENDED that plaintiff's Motion for Leave to File Motion By Plaintiff to Add Defendants (doc. 84) be DENIED on the basis that it is redundant; that plaintiff's Motion to Amend and to Add Defendants (doc. 106) be GRANTED in part and DENIED in part, as set forth above; that plaintiff be ordered to prepare a proposed amended complaint which shall include plaintiff's claims against defendants Kousa and Thomas Hospital, but which shall not include claims against Lloyd Gardener or any other new defendant. It is further RECOMMENDED that the court DIRECT the Clerk to attempt service of process, including copies of the pending complaint and amended complaint upon defendant Mobile Infirmary Health Care Systems d/b/a Thomas Hospital at the address provided by plaintiff.

See Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.

DONE this the 17th day of May, 2011.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

complete his own Answer and Special Report based in significant part upon those documents, perhaps even adopting the Special Report of one or more of the other defendants.

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. Objection. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. ' 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added) A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE J