IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DARRELL WILLIAMS,         ) | | |
|     Plaintiff,         ) | | |
|                   ) | | |
| v.         ) | CIVIL ACTION NO. 08-0433-KD-N | |
|                   ) | | |
| BENJAMIN TAYLOR, *et al.*,         ) | | |
|     Defendants.         ) | | |

**ORDER**

After due and proper consideration of all pleadings in this file, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated August 9, 2011 is **ADOPTED** as the opinion of this Court with the following addition:

> The court also notes that William's claims of lack of probable cause to arrest and the lack of jurisdiction to arrest are not cognizable claims. A prisoner may not bring a Section 1983 claim for damages in a case where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction," Heck v. Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In a footnote in Heck, the Court gave as an example, an individual who is convicted and sentenced for the crime of resisting arrest and subsequently brings a § 1983 claim alleging that the officer violated the Fourth Amendment during her arrest. Id. at 486 n. 6, 114 S.Ct. 2364. Such is this case with these claims in that it was determined in his parole revocation proceeding that the charge of resisting arrest was proven.

Accordingly, it is **ORDERED** that the Plaintiff's motion for extension of time (Doc. 148) is **GRANTED.** It is further **ORDERED** that the motions of Defendants Benjamin Taylor, John Morgan, James Gilheart, Mike Comalander, Timothy Kant, Gloria Jean Williams (a/k/a Gloria Banks) and Dr. Rolland Olds for summary judgment (Docs. 67, 69, 70, 72, 92, 126, 127, 135, 137, 138, 139, 143) are **GRANTED**; the Plaintiff's federal claims (Doc. 132, Counts One through Five, Eleven, Eighteen and Twenty) are **DISMISSED with prejudice;** and the

Plaintiff's state law claims (Doc. 132, Counts Six through Ten, Twelve through Seventeen, Nineteen and Twenty-One through Twenty-Nine) are **DISMISSED without prejudice.** Moreover, it is **ORDERED** that the remaining motions for discovery (Docs. 97, 118, 122, 124, 125) are **DENIED as MOOT.**

    **DONE** and **ORDERED** this the **1**$^{st}$ day of **September 2011.**

                                                        /s/ Kristi K. DuBose
                                                        **KRISTI K. DuBOSE**
                                                        **UNITED STATES DISTRICT JUDGE**